IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BRADFORD BENALLIE,**

     **Plaintiff,**

**v.**                                                                                      **No. 14-cv-0144 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

     **Defendant.**


**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on July 7, 2014.  The Commissioner responded on September 2, 2014.  [Doc. 19].  Plaintiff replied on September 22, 2014.  [Doc. 20].  The parties have consented to the undersigned's entering final judgment in this case.  [Doc. 26].  Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly picked and chose from among the findings in Dr. Lev's report. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."   *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;"  *and*  (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his  impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his  "past relevant work."  20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### Procedural Background

Plaintiff applied for supplemental security income on June 30, 2008.  Tr. 14.  He alleged a disability onset of the same date.  *Id.*  His claims were denied initially and on reconsideration. *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Ben Willner held a hearing on November 18, 2011, in Albuquerque, New Mexico.  Tr. 14, 29.  Plaintiff appeared via videoconference from Farmington, New Mexico, and his attorney, Gary Martone, appeared in person in Albuquerque.  Tr. 14.  The ALJ heard testimony from Plaintiff and an impartial vocational expert, Pamela Bowman.  Tr. 14, 51–55.

The ALJ issued his unfavorable decision on August 10, 2012.  Tr. 23.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 16.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, he found that Plaintiff suffered from the following severe impairments:  "Back strain; affective disorder/conduct disorder; substance abuse disorder"  *Id.*  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 16–18.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 18–22.  The ALJ found that:

> [Plaintiff] has the [RFC] to perform medium work as defined in 20 [C.F.R. §] 416.967(c) except that [he] can perform simple tasks and understand and carry out simple instructions and make

4

> simple decisions; [Plaintiff]'s work should deal primarily with things rather than people.   He can maintain concentration, persistence[,] and pace for two hours [sic] periods until normally scheduled breaks.

Tr. 18.   At step four, the ALJ found that Plaintiff had no past relevant work.   Tr. 22. Accordingly, the ALJ proceeded to step five.   Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy.   Tr. 22–23.   Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claim.   Tr. 23.   The Appeals Council denied Plaintiff's request for review on December 20, 2013.   Tr. 1–5.   Plaintiff timely filed the instant action on February 18, 2014. [Doc. 1].

## **Analysis**

Plaintiff argues that the ALJ erred in adopting some, but not all, of the mental functional limitations assessed by Dr. Lev.   [Doc. 18] at 7–8.   Plaintiff does not argue that the ALJ was bound by Dr. Lev's opinion.   *See id.*   Rather, he correctly points out that because the ALJ adopted some, but not all, of Dr. Lev's assessed limitations, the ALJ was required to explain his reasoning.   *Id.* (quoting SSR 96-8p, 1996 SSR LEXIS 5, at *20 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")); *id.*at 7 (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (ALJs may not pick and choose from an uncontradicted medical opinion without explanation)).

Dr. Lev found, in relevant part:

5

His depression appears to be constant and unremitting. . . . Mr. Benallie has virtually no work history and, with his psychiatric symptoms, he would likely have little motivation to seek employment because he has little anticipation of success, especially with his limited education.  Nevertheless, he does have good intelligence and I would expect that he would be capable of working, if he were to make the attempt and would have an opportunity to work *in a structured and supportive environment*.

It is my opinion that Mr. Benallie would be able to understand and remember instructions, but that he *may need to have instructions repeated on occasion* so that he does not forget them.  *He might need structure and support to sustain concentration and persist at tasks* because he has so little experience doing this.  I would expect that he would be uncomfortable around other people with whom he is not familiar, especially in a work situation because he has so little experience functioning in an employment situation, but I would expect that he would be capable of interacting with the public, coworkers, and supervisors *with adequate support*.  He would likely be able to adapt to changes in the workplace *as long as he had support from others*.

Tr. 404 (emphases added).  Although the ALJ expressly relied on Dr. Lev's opinion, the RFC assessment does not reflect any need for structure or support.  *See* Tr. 19–20 (ALJ's lengthy reference to Dr. Lev's opinion in explaining the RFC assessment); *compare* Tr. 400–04 (Dr. Lev's report), *with* Tr. 18 (ALJ's RFC assessment).  The Commissioner responds that the ALJ relied on the opinions of both Dr. Lev and Dr. Spurrier, and because Dr. Spurrier's report did not mention structured or supported work, there is no error.  [Doc. 19] at 4–5.  The Court is not persuaded by the Commissioner's argument.

Although ALJs are not required to discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion.  *Keyes-Zachary v. Astrue*, 695 F.3d

6

1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. § 416.927(e)(2)(ii)).  Specifically, when assessing

a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why.

SSR 96-5p, 1996 WL 374183 at *5.  "[T]here is no requirement in the regulations for a direct

correspondence between an RFC finding and a specific medical opinion on [a specific]

functional capacity . . . because the ALJ, not a physician, is charged with determining a

claimant's RFC from the medical record." (alteration and internal quotation marks omitted)).

*Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).  Nevertheless, "[a]n ALJ is not entitled

to pick and choose through an uncontradicted medical opinion, taking only the parts that are

favorable to a finding of nondisability."  *Haga*, 482 F.3d at 1208.  In *Haga*, in 2007, the Tenth

Circuit held that the ALJ erred in failing to explain why he adopted some of a consultative

examiner's ("CE's") restrictions but rejected others.  *Id.*  "[T]he ALJ did not state that any

evidence conflicted with [the CE's] opinion or mental RFC assessment.  So it is simply

unexplained why the ALJ adopted some of [the CE's] restrictions but not others."  *Id.*  The

court, therefore, remanded "so that the ALJ [could] explain the evidentiary support for his RFC

determination."  *Id.*

      Here, as in *Haga*, the ALJ adopted portions of Dr. Lev's consultative examination report

but rejected other portions—without explanation.  *See* Tr. 19–20.  The Commissioner argues,

essentially, that there is no error because Dr. Spurrier's non-examination report does not include

the limitations to structured/supported work and Dr. Spurrier's report constitutes substantial

evidence to support the ALJ's RFC assessment.  [Doc. 19] at 4–5.  However, the ALJ clearly

relied on Dr. Lev's report in formulating the RFC, not on Dr. Spurrier's report.  Tr. 19–20.

The ALJ described his support for the RFC assessment with a lengthy and thorough description of Dr. Lev's findings.  Tr. 19–20.  The ALJ characterized Dr. Lev's "conclusions and opinion [as] significantly relevant and probative[,] an excellent, overall picture[, and as] particularly relevant and probative[.]."  Tr. 20.  There was no mention of any evidence conflicting with Dr. Lev's limitation to supported/structured work.  *See* Tr. 19–21.  Moreover, the ALJ only mentioned Dr. Spurrier's report later in the opinion when he addressed a specific argument raised by Plaintiff's counsel regarding concentration, persistence, or pace.  Tr. 21.  To be sure, with sufficient explanation, the ALJ could have relied on Dr. Spurrier's report (and its absence of structured/supported work), but he did not.  *See* Tr. 19–21.  The Court is not persuaded.

Absent explanation, the ALJ was not entitled to pick and choose through Dr. Lev's report.  If the ALJ intended to adopt only portions of Dr. Lev's opinion, he was required to explain why he adopted the portions that he adopted and why he rejected the portions that he rejected.  Remand is warranted so that the ALJ can explain the evidentiary support for his RFC assessment.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] is **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

      **IT IS SO ORDERED.**

                                 _____

                                 **STEPHAN M. VIDMAR**
                                 **United States Magistrate Judge**
                                 **Presiding by Consent**